UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NELSON ESMURRIA,

       Plaintiff,

v.

AVIATION MANAGEMENT
SALES, LLC, AVIATION MANAGEMENT
& REPAIRS, INC., BRIAN HINKLE and
MILDRED GARAY,

       Defendants.
_____/

## C O M P L A I N T

Plaintiff, NELSON ESMURRIA, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, AVIATION MANAGEMENT SALES, LLC, AVIATION MANAGEMENT & REPAIRS, INC., BRIAN HINKLE and MILDRED GARAY, and alleges as follows:

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, AVIATION MANAGEMENT SALES, LLC was an

employer as defined by the FLSA.

6. At all times material hereto, AVIATION MANAGEMENT SALES, LLC was Plaintiff's employer as defined by the FLSA.

7. At all times material hereto, AVIATION MANAGEMENT SALES, LLC was Plaintiff's employer.

8. At all times material hereto, AVIATION MANAGEMENT SALES, LLC was an LLC in the State of Florida.

9. At all times material hereto, AVIATION MANAGEMENT SALES, LLC was conducting business in this judicial district.

10. At all times material hereto, AVIATION MANAGEMENT SALES, LLC's principal place of business was 2916 Curtis King Blvd., Hangar #E-19, Fort Pierce, Florida 34946.

11. At all times material hereto AVIATION MANAGEMENT SALES, LLC had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person.  29 U.S.C. §203.

12. AVIATION MANAGEMENT SALES, LLC, upon information and belief, had revenue in excess of $500,000.00 per annum.

13. At all times material hereto, AVIATION MANAGEMENT & REPAIRS, INC. was an employer as defined by the FLSA.

14. At all times material hereto, AVIATION MANAGEMENT & REPAIRS, INC. was Plaintiff's employer as defined by the FLSA.

15. At all times material hereto, AVIATION MANAGEMENT & REPAIRS, INC. was Plaintiff's employer.

16. At all times material hereto, AVIATION MANAGEMENT & REPAIRS, INC. was a corporation in the State of Florida.

17. At all times material hereto, AVIATION MANAGEMENT & REPAIRS, INC. was conducting business in this judicial district.

18. At all times material hereto, AVIATION MANAGEMENT & REPAIRS, INC.'s principal place of business was 2916 Curtis King Blvd., Hangar #E-19, Fort Pierce, Florida 34946.

19. At all times material hereto AVIATION MANAGEMENT & REPAIRS, INC. had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person. 29 U.S.C. §203.

20. AVIATION MANAGEMENT & REPAIRS, INC., upon information and belief, had revenue in excess of $500,000.00 per annum.

21. At all times material hereto AVIATION MANAGEMENT SALES, LLC and AVIATION MANAGEMENT & REPAIRS, INC.

22. At all times material hereto AVIATION MANAGEMENT SALES, LLC and AVIATION MANAGEMENT & REPAIRS, INC. were joint employers of Plaintiff.

23. At all times material hereto AVIATION MANAGEMENT SALES, LLC and AVIATION MANAGEMENT & REPAIRS, INC. shared the same offices.

24. At all times material hereto AVIATION MANAGEMENT SALES, LLC and AVIATION MANAGEMENT & REPAIRS, INC. shared the same owners.

25. At all times material hereto AVIATION MANAGEMENT SALES, LLC and AVIATION MANAGEMENT & REPAIRS, INC. shared the same managers and/or supervisors.

26. At all times material hereto AVIATION MANAGEMENT SALES, LLC and

AVIATION MANAGEMENT & REPAIRS, INC. shared the same work product (i.e. aircraft and parts).

27. At all times material hereto AVIATION MANAGEMENT SALES, LLC and AVIATION MANAGEMENT & REPAIRS, INC. shared the same equipment, tooled goods, materials and supplies.

28. At all times material hereto AVIATION MANAGEMENT SALES, LLC and AVIATION MANAGEMENT & REPAIRS, INC. shared one or more of the same employees.

29. At all times material hereto AVIATION MANAGEMENT SALES, LLC and AVIATION MANAGEMENT & REPAIRS, INC. shared one or more 0of the same independent contractors.

30. At all times material hereto AVIATION MANAGEMENT SALES, LLC and AVIATION MANAGEMENT & REPAIRS, INC. simultaneously benefitted from the work of each other's employees.

31. At all times material hereto AVIATION MANAGEMENT SALES, LLC and AVIATION MANAGEMENT & REPAIRS, INC. simultaneously benefitted from the work of each other's independent contractors.

32. At all times during Plaintiff's employment, BRIAN HINKLE was Plaintiff's employer as defined by law.

33. At all times during Plaintiff's employment, BRIAN HINKLE was the owner of AVIATION MANAGEMENT SALES, LLC.

34. At all times during Plaintiff's employment, BRIAN HINKLE was an officer of AVIATION MANAGEMENT SALES, LLC.

35. At all times during Plaintiff's employment, BRIAN HINKLE was the President and

Director of AVIATION MANAGEMENT SALES, LLC.

36. At all times during Plaintiff's employment, BRIAN HINKLE was paid a salary by AVIATION MANAGEMENT SALES, LLC.

37. At all times during Plaintiff's employment, BRIAN HINKLE shared in or was entitled to a share of the profits of AVIATION MANAGEMENT SALES, LLC.

38. At all times during Plaintiff's employment, BRIAN HINKLE had operational control over AVIATION MANAGEMENT SALES, LLC.

39. At all times during Plaintiff's employment, BRIAN HINKLE was directly involved in decisions affecting employee compensation and hours worked by employees of AVIATION MANAGEMENT SALES, LLC.

40. At all times during Plaintiff's employment, BRIAN HINKLE controlled the finances for AVIATION MANAGEMENT SALES, LLC.

41. At all times during Plaintiff's employment, BRIAN HINKLE was Plaintiff's manager and/or supervisor.

42. At all times during Plaintiff's employment, BRIAN HINKLE's primary duty was to manage and/or supervise AVIATION MANAGEMENT SALES, LLC.

43. At all times during Plaintiff's employment, BRIAN HINKLE customarily and regularly directed the work of all employees at AVIATION MANAGEMENT SALES, LLC.

44. At all times during Plaintiff's employment, BRIAN HINKLE had the authority to hire or fire other employees of AVIATION MANAGEMENT SALES, LLC.

45. At all times during Plaintiff's employment, BRIAN HINKLE made suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees of AVIATION MANAGEMENT SALES, LLC were given particular weight.

46. At all times during Plaintiff's employment, BRIAN HINKLE was the owner of AVIATION MANAGEMENT & REPAIRS, INC.

47. At all times during Plaintiff's employment, BRIAN HINKLE was an officer of AVIATION MANAGEMENT & REPAIRS, INC.

48. At all times during Plaintiff's employment, BRIAN HINKLE was the President and Director of AVIATION MANAGEMENT & REPAIRS, INC.

49. At all times during Plaintiff's employment, BRIAN HINKLE was paid a salary by AVIATION MANAGEMENT & REPAIRS, INC.

50. At all times during Plaintiff's employment, BRIAN HINKLE shared in or was entitled to a share of the profits of AVIATION MANAGEMENT & REPAIRS, INC.

51. At all times during Plaintiff's employment, BRIAN HINKLE had operational control over AVIATION MANAGEMENT & REPAIRS, INC.

53. At all times during Plaintiff's employment, BRIAN HINKLE was directly involved in decisions affecting employee compensation and hours worked by employees of AVIATION MANAGEMENT & REPAIRS, INC.

54. At all times during Plaintiff's employment, BRIAN HINKLE controlled the finances for AVIATION MANAGEMENT & REPAIRS, INC.

55. At all times during Plaintiff's employment, BRIAN HINKLE was Plaintiff's manager and/or supervisor.

56. At all times during Plaintiff's employment, BRIAN HINKLE's primary duty was to manage and/or supervise AVIATION MANAGEMENT & REPAIRS, INC.

57. At all times during Plaintiff's employment, BRIAN HINKLE customarily and regularly directed the work of all employees at AVIATION MANAGEMENT & REPAIRS, INC.

58. At all times during Plaintiff's employment, BRIAN HINKLE had the authority to hire or fire other employees of AVIATION MANAGEMENT & REPAIRS, INC.

59. At all times during Plaintiff's employment, BRIAN HINKLE made suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees if AVIATION MANAGEMENT & REPAIRS, INC were given particular weight.

60. At all times during Plaintiff's employment, MILDRED GARAY was Plaintiff's employer as defined by law.

61. At all times during Plaintiff's employment, MILDRED GARAY was an owner of AVIATION MANAGEMENT SALES, LLC.

62. At all times during Plaintiff's employment, MILDRED GARAY was an officer of AVIATION MANAGEMENT SALES, LLC.

63. At all times during Plaintiff's employment, MILDRED GARAY was the Chief Financial Officer of AVIATION MANAGEMENT SALES, LLC.

64. At all times during Plaintiff's employment, MILDRED GARAY was paid a salary by AVIATION MANAGEMENT SALES, LLC.

65. At all times during Plaintiff's employment, MILDRED GARAY shared in or was entitled to a share of the profits of AVIATION MANAGEMENT SALES, LLC.

66. At all times during Plaintiff's employment, MILDRED GARAY had operational control over AVIATION MANAGEMENT SALES, LLC.

67. At all times during Plaintiff's employment, MILDRED GARAY was directly involved in decisions affecting employee compensation and hours worked by employees of AVIATION MANAGEMENT SALES, LLC.

68. At all times during Plaintiff's employment, MILDRED GARAY controlled the

finances for AVIATION MANAGEMENT SALES, LLC.

69. At all times during Plaintiff's employment, MILDRED GARAY was Plaintiff's manager and/or supervisor.

70. At all times during Plaintiff's employment, MILDRED GARAY's primary duty was to manage and/or supervise AVIATION MANAGEMENT SALES, LLC.

71. At all times during Plaintiff's employment, MILDRED GARAY customarily and regularly directed the work of all employees at AVIATION MANAGEMENT SALES, LLC.

72. At all times during Plaintiff's employment, MILDRED GARAY had the authority to hire or fire other employees of AVIATION MANAGEMENT SALES, LLC.

73. At all times during Plaintiff's employment, MILDRED GARAY made suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees of AVIATION MANAGEMENT SALES, LLC were given particular weight.

74. At all times during Plaintiff's employment, MILDRED GARAY was an officer of AVIATION MANAGEMENT & REPAIRS, INC.

75. At all times during Plaintiff's employment, MILDRED GARAY was the Chief Financial Officer of AVIATION MANAGEMENT & REPAIRS, INC.

76. At all times during Plaintiff's employment, MILDRED GARAY was paid a salary by AVIATION MANAGEMENT & REPAIRS, INC.

77. At all times during Plaintiff's employment, MILDRED GARAY shared in or was entitled to a share of the profits of AVIATION MANAGEMENT & REPAIRS, INC.

78. At all times during Plaintiff's employment, MILDRED GARAY had operational control over AVIATION MANAGEMENT & REPAIRS, INC.

79. At all times during Plaintiff's employment, MILDRED GARAY was directly

involved in decisions affecting employee compensation and hours worked by employees of AVIATION MANAGEMENT & REPAIRS, INC.

80. At all times during Plaintiff's employment, MILDRED GARAY controlled the finances for AVIATION MANAGEMENT & REPAIRS, INC.

81. At all times during Plaintiff's employment, MILDRED GARAY was Plaintiff's manager and/or supervisor.

82. At all times during Plaintiff's employment, MILDRED GARAY's primary duty was to manage and/or supervise AVIATION MANAGEMENT & REPAIRS, INC.

83. At all times during Plaintiff's employment, MILDRED GARAY customarily and regularly directed the work of all employees at AVIATION MANAGEMENT & REPAIRS, INC.

84. At all times during Plaintiff's employment, MILDRED GARAY had the authority to hire or fire other employees of AVIATION MANAGEMENT & REPAIRS, INC.

85. At all times during Plaintiff's employment, MILDRED GARAY made suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees of AVIATION MANAGEMENT & REPAIRS, INC were given particular weight.

86. While working for AVIATION MANAGEMENT SALES, LLC, Plaintiff was individually engaged in interstate commerce.

87. While working for AVIATION MANAGEMENT SALES, LLC, a substantial part of Plaintiff's work was to perform structural repairs to aircraft; sometimes with maintenance like changing wheels, strut, engine change or inspections.

88. While working for AVIATION MANAGEMENT SALES, LLC, a substantial part of Plaintiff's work was to work on aircrafts and parts from out of state.

89. While working for AVIATION MANAGEMENT SALES, LLC, a substantial part of

Plaintiff's work was to work on aircrafts and parts destined to go out of state.

90. While working for AVIATION MANAGEMENT SALES, LLC, Plaintiff was individually engaged in interstate commerce.

91. While working for AVIATION MANAGEMENT SALES, LLC, Plaintiff was individually engaged in interstate commerce.

92. While working for AVIATION MANAGEMENT SALES, LLC, Plaintiff was regularly a party to interstate orders.

93. While working for AVIATION MANAGEMENT SALES, LLC, Plaintiff was regularly a party to interstate sales.

94. While working for AVIATION MANAGEMENT SALES, LLC Plaintiff was regularly a party to production of good or services for interstate commerce.

95. While working for AVIATION MANAGEMENT SALES, LLC, Plaintiff regularly used the internet.

96. While working for AVIATION MANAGEMENT & REPAIRS, INC., Plaintiff was individually engaged in interstate commerce.

97. While working for AVIATION MANAGEMENT & REPAIRS, INC., a substantial part of Plaintiff's work was to perform structural repairs to aircraft; sometimes with maintenance like changing wheels, strut, engine change or inspections.

98. While working for AVIATION MANAGEMENT & REPAIRS, INC., a substantial part of Plaintiff's work was to work on aircrafts and parts from out of state.

99. While working for AVIATION MANAGEMENT & REPAIRS, INC., a substantial part of Plaintiff's work was to work on aircrafts and parts destined to go out of state.

100. While working for AVIATION MANAGEMENT & REPAIRS, INC., Plaintiff was

individually engaged in interstate commerce.

101. While working for AVIATION MANAGEMENT & REPAIRS, INC., Plaintiff was individually engaged in interstate commerce.

102. While working for AVIATION MANAGEMENT & REPAIRS, INC., Plaintiff was regularly a party to interstate orders.

103. While working for AVIATION MANAGEMENT & REPAIRS, INC., Plaintiff was regularly a party to interstate sales.

104. While working for AVIATION MANAGEMENT & REPAIRS, INC. Plaintiff was regularly a party to production of good or services for interstate commerce.

105. While working for AVIATION MANAGEMENT & REPAIRS, INC., Plaintiff regularly used the internet.

106. While working for AVIATION MANAGEMENT & REPAIRS, INC., Plaintiff regularly used e-mail.

107. While working for AVIATION MANAGEMENT & REPAIRS, INC., Plaintiff received calls from out of state and passed those calls along to others at AVIATION MANAGEMENT & REPAIRS, INC.

## COUNT I: FLSA RECOVERY OF OVERTIME WAGES

108. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 107 above.

109. Plaintiff was employed by Defendants from approximately June 2016 to February 2020.

110. Plaintiff was employed by Defendants as a sheet metal mechanic.

111. Plaintiff's primary duties and responsibilities included performing structural repairs to

aircraft; sometimes with maintenance like changing wheels, strut, engine change or inspections.

112. Plaintiff was paid at a rate of $ 25.00 per hour when he was first employed, then later received a raise to $27.50 per hour.

113. Plaintiff was not paid on a salary basis.

114. Plaintiff was not paid the same amount each week.

115. Plaintiff's weekly pay was subject to reduction based on quantity of work performed.

116. Plaintiff's weekly pay was subject to reduction based on the number of hours he worked.

117. Plaintiff's weekly pay was subject to reduction if he worked less than forty (40) hours.

118. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

119. During one or more workweeks, Defendants did not pay Plaintiff time and one-half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

120. Defendants knew or showed reckless disregard of the unpaid and/or underpaid hours worked.

121. Defendants knew or showed reckless disregard of the above FLSA violations.

122. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

123. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

124. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

### TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

### NOTICE OF CONSENT TO JOIN

I, NELSON ESMURRIA, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiff in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/ Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. I further declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

_____
NELSON ESMURRIA, as Plaintiff

_____ 16 July 2020            _____
DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By:	*/s/Todd W. Shulby, Esq.*
	Todd W. Shulby, Esq.
	Florida Bar No.: 068365